May it please the Court, I am Thomas Hester for Petitioner Appellant James Jones. I submit to the Court that an organizing principle of comedy federalism of the body of habeas law is that a petitioner needs to have one full and fair opportunity to litigate his mistakes. The Court was clear that that main event is the underlying criminal trial in state court. And Pinholster certainly ratifies that and spoke to that. But a term later in Martinez v. Ryan, the Supreme Court advised us of something that really is a bit of a seed change, that there is a second event that in the case of a bedrock claim of ineffective assistance of counsel in that underlying trial where that claim, because of state procedures, essentially must be litigated. Counsel, Martinez perhaps was a seed change for a few, but the Court was very clear that it involved a very narrow area in the initial review proceeding. Your case doesn't fit that, does it? It absolutely does. Tell me why. I recognize. And let me take you to the district court's resolution of this case. Because the district court said Martinez does not have any application here because the district court viewed the state post-conviction court's decision in this case as resolving the merits of Mr. Jones's claim. If that right? No, that's wrong. Why not? When I look at it, it seems to resolve the merits. Because merits means more than just hollow form. It means more than just a claim that was listed. It means the flesh and blood of that, the intrinsic value. The Supreme Court says even if the state court gives no reasons whatsoever, we have to respect it and take it as a decision on the merits. And in this case, the trial court ruling uses words that make it sound like it's a merits decision, doesn't it? And the trial court's ruling is, and I think it's ER 120 where the trial court writes this, the post-conviction trial court. The ruling is, there was absolutely no evidence before me that these witnesses had relevant evidence or that they were available. Based on what was before, the post-conviction trial court, the state court is absolutely right. I have counsel in that second proceeding, in that secondary event that Martinez says is critical for an ineffective assistance of counsel claim, was ineffective in not inducing the evidence. Okay. Assume you're right. Don't you have to start a second proceeding? Essentially, yes, but it's in federal court under Martinez. No, no. Have you ever exhausted your claim that post-conviction counsel was ineffective? The claim is exhausted because there's no state process. That's my question. Isn't there a state process? See, is I at the end, because I tend to agree with you on your basic premise, but I have difficulty with the rest of your case. I do think the first post-conviction review proceeding, which you call the trial, is the substitute for appeal on ineffective assistance of counsel at trial. And so you've got to raise issues there. And I also think you're probably entitled to effective counsel at it because it's the only time, it's your appeal on the issue of ineffective assistance of counsel at trial. But if you think you got ineffective assistance of counsel in your post-conviction review proceeding, don't you have to start, file a second proceeding and say, I got ineffective assistance there? You're asking the district court to determine this in the first instance with no findings by the state court. So my difficulty is you may still have a viable claim on this, but you shouldn't be bringing it in federal habeas in the first instance. Well, I think Martinez says otherwise. I'll speak to the state process that is available or what the state statute says, because unlike, for instance, in California, where this court in the Gonzales case remanded on a Brady claim, Oregon statute and ORS 138-550-7, which is sub 3, specifies that you must have all of your claims raised in the initial post-conviction proceeding. But you couldn't possibly raise at the first post-conviction review proceeding your contention at post-conviction review counsel was ineffective at that proceeding. That is merely cause and prejudice for the default. But that may be cause and prejudice for the default. I'm asking a different question. Don't you have to go back to state court and now say, I got ineffective assistance of counsel in my first post-conviction review proceeding, and get a state court determination of that that the federal habeas court can give deference to? You're asking the federal habeas court to take this up in the first instance, to make factual findings and do other things. That would be true on cause and prejudice. But is it really true with respect to whether or not you got ineffective assistance of counsel? In Martinez, the Supreme Court's clear that it's not establishing a constitutional right to effective counsel in that. I know. It was not. And I'm saying, I'm assuming there is. There is a right to effective counsel in that proceeding, because that's what you're claiming. Why don't you have to go back to state court and exhaust that? That is just the path through cause and prejudice to get to the underlying claim that trial counsel was ineffective. In the unbunked decision in Dickens v. Ryan, this court said, you can produce the evidence in the federal court where the claim was defaulted. The twist here is that we're talking about an evidentiary default rather than a claim default. And the issue I believe this court has to confront is whether that makes sense. Was that before or after Penholster? Dickens is a 2014 opinion, 740 F. 3rd, 1302. It's after. Both. How does that fit with Penholster? Because Penholster, doesn't Penholster bar a federal fact-finding hearing on items that were not produced in the state court? Yes. Focusing on sort of notions of a default by the petitioner. Subject to the Martinez exception. Martinez does seem to establish that you can, if there has been cause and prejudice, you can bring this stuff forward in federal court. At least our cases seem to say that. But I'm still wondering why you don't have to go back to the original post-conviction proceeding. This is not the claim. This is not the claim you made. Are you trying now to raise the defaulted claim in the original post-conviction proceeding? The constitutional claim at issue here is an effective assistance of trial counsel. In other words, in presenting the extreme emotional disturbance. And didn't the district court or the trial court in Oregon rule on that claim? The post-conviction court had a petition presenting the bear claim and it denied it. And it was right on the evidence. Right. So you haven't defaulted in state court. There's been no default on that issue. You've raised that issue. You're entitled to bring it to habeas. But the habeas court would have to review it on the record. That's not the Martinez situation. The Martinez situation is when when counsel fails to raise on appeal or in the post-conviction review proceeding an effective assistance. But you've raised it. So tell me tell me why there's a Martinez exception. Because the evidence wasn't presented. It wasn't the merits of the claim. Essentially the decision of the state post-conviction court is not on the merits of this claim. And that's where a case that I just came across and submitted a 28 J letter to the court Johnson versus Williams is significant. It discusses what on the merits means in the case of D. And in that opinion the court said that it requires that the claim be heard and evaluated on the evidence and the party's substantive arguments citing Black's Law Dictionary. The trial court ruling here says EED defense adequately presented but state had significant counter evidence. How is that not on the merits? It is not on the merits in terms of the Williams or Johnson versus Williams. The Supreme Court was on to quote the intrinsic rights and wrongs of the cause as determined by matters of substance not of form. Here... It isn't form. Wait stop. Tell me what is form about EED defense adequately presented but state had significant counter evidence. That's not form. It is a bare hollow claim with not evidence. Maybe a statement without a lot of backup offered but it's not a procedural default. It's saying I looked and I don't see this argument as having any merit. It is a procedural default. How is it a procedural default? Because the claim doesn't reach the merits with the evidence. In other contexts... But that's not Martinez. Martinez is when the claim is not presented, right? You agree that in Martinez the claim was defaulted in state court because it was not presented and there was cause and prejudice because counsel was ineffective. That's the fact of Martinez, right? It is a fact but in terms of the distinction between the claim not being presented and the evidence it's a distinction without a difference. In Martinez the Supreme Court is crystal clear. The reason the state needs to afford a lawyer, a lawyer who does an adequate job where you can only raise this claim as you noted of ineffectiveness in that form for the first time... Well but let me... I want to ask again before you sit down. I want to ask your opponent this too. Is it your position that there is no state remedy available to someone who receives ineffective assistance of counsel with respect to an ineffective assistance of counsel claim at trial? So it's exactly... It's a claim which can only be raised in Oregon in post-conviction review proceedings. You're claiming you got ineffective assistance of counsel at trial. You get an awful counsel at PCR and he raises the claim but does a terrible job. Are you telling me there's no state remedy for the ineffective assistance of your PCR counsel? That's correct, yes. And that's your position? You have no state remedy for it? That is my position, yes. Because we have the luxury of a couple cases submitted, I want to turn to one other subject before we let you sit down. And that is what difference this possibly makes in the big picture. One of the arguments offered by the state in its answering brief is that this claim is not substantial under Martinez. And I'm not sure what your answer to that is. I mean I look at the argument here and it seems to me that there was evidence presented at trial that your client regarded this as his home. And frankly the EED defense seems almost fanciful. He wasn't surprised by what he found when he went back to the house. It looks like he found exactly what he was expecting to find. He parked a block away, he brought a firearm to the party. So what difference does it really make that he didn't have a home? The difference, I mean, EED is certainly a difficult defense. And in this case, that was the defense. He went into trial, acknowledged, I killed this man, and said it should be mitigated to manslaughter for murder. That was the defense. And as he explained to Dr. Johnson, the psychologist who testified as the defense expert, he couldn't believe this man was telling him when he walked in on them and the man's on the couch with his wife, telling me to leave my home. Now the evidence at trial included the wife saying, you know, he left the home two days ago. He moved out. This man moved in. The home is my home. It's in my name. What difference does legal title make in this case? Is there any reasonable possibility that had the jury thought that he had legal title, that it would have changed their verdict? I mean, what happens is a man comes back to his house and finds his wife with another man. He left two days earlier. Everybody agrees he left two days earlier. He may have intended to return, and maybe he had legal title. Why is not putting that on such gross ineffective assistance of counsel that, in effect, in your view, there was no trial at all at the PCR stage? Because in Oregon, for that defense, you have to, you sort of have a standard of a reasonable person with the defendant's knowledge and what they bring to the table. In Mr. Jones' case, he and his wife, and I'd submit to you that the evidence that has never been developed could prove that they had a pattern of disputes like this, jealousy, he would leave for a day, two days, return. In this instance, the evidence, even Cozine, and I know that the state makes a point of Mr. Cozine, one of the witnesses testified at trial, but he didn't particularly testify about the relationship. Yes, it was referred to as his home and things like that, but the wife said, he moved out. Somebody else moved in. It's my place. The police officer testified. I went at the wife's behest. I ended up asking him to leave. I understand all the evidence you want to put on, but I guess what Judge Clifton is asking, and I'm worried about, too, is that if you think there's an exception here that allows you to put in evidence in federal court, is that exception unlimited, or is it only available in a case where it appears quite likely that the omitted evidence would have changed the result? I must tell you, it doesn't seem quite likely to me the omitted evidence would change the result, or even probable. I mean, it's not irrelevant, but it's certainly not a smoking gun. On the prejudice claim, the Martinez court says, a substantial claim means some merit citing to Miller, L., and the COA kind of standards. We don't, because justice came off the tracks in the post-conviction trial, we don't have the evidence developed, and that has to be done if there is some merit. And there is some merit to this claim, because the ineffectiveness of trial counsel, the underlying trial counsel, in not presenting this evidence is critical to a jury looking at the questions it has to answer. I mean, it is a challenging case, certainly, and as you acknowledged, he comes home, he finds his wife with a naked man in his home, and the feel of the case is very different. If it's a home he's moved out of, and she has, you know, she views him as gone, he's living with his grandparents, versus he spent the night, two nights with his grandparents, has abandoned time and time again, and as was their pattern. And it is in that difference that it can change the outcome of a trial, and I believe if the evidence is developed as Martinez mandates, I think, then that can change, and that can be reduced. Do you agree, counsel, that if you misunderstand Martinez and Martinez does not apply, that you lose? Yes, I do agree. And I would submit to the Court that when you sit down in conference to look at this case, and Martinez says two things about deference. If you're going to have a state proceeding in initial collateral review that's entitled to deference, the state must provide a lawyer, and that lawyer must meet Strickland's standard, even though it's not a constitutional claim. So, having said that, in this case, the lawyer doesn't put on any of the evidence, and I think it's easier, if you think of the cases, why would this be different if Oregon didn't provide him a lawyer at all? If Jones just submitted a bare-bones petition that had this claim, and the evidence that his lawyer put on, but he couldn't do more, because Martinez talks about the prisoner, locked up, confined, is ill-suited to develop a factual record. If you read Martinez, while it arises in a claim context, the critical concern of the Court is the competency to develop the record and the claims, not just the claims. And I happen to agree with you, but I'm interested to hear from the state whether they think there is no state proceeding in which to challenge the incompetence of PCR counsel. Well, I know you've been patient. I will just close, then, by urging that the state court claim that I pointed to, page 120 of the excerpt of the record, the state court was absolutely right there in their resolution of what was before them, but under Martinez, because of ineffective assistance of post-conviction counsel, the evidence wasn't before them, and that's why you have to take off the pinholster glasses and look at this through the lens of Martinez. Pinholster itself says you can't say the post-conviction court was objectively unreasonable because of evidence they didn't have. I absolutely agree. Their decision's right on the evidence they had. However, Martinez carves a second level of care where we have ineffective assistance claims, and under Martinez, it makes no sense to say the bare claim in the petition makes this a merits decision when, if that were omitted, there's no merits decision. If counsel was ineffective in post-conviction, the fact that they could have been more ineffective by not copying the claims he wanted is a distinction without a difference under Martinez, and I'd urge the district court should be reversed, and the case remanded for an evidentiary hearing there. Thank you. Thank you. We'll hear from the state. May it please the court. Ryan Kahn, appearing for the respondent, superintendent. Even assuming, I want to start by saying, even assuming that Martinez applies here, I don't think this court needs to actually resolve that question about whether Martinez generally applies here, because even if it does, petitioner's claim is not a substantial one. Before you get to that, I want you to address my question. Let me just give you the scenario, which I think is this case, but if it's not, it's a hypothetical. Let's assume that a defendant is convicted and thinks he has received ineffective assistance of counsel at trial. In Oregon, that issue may, as in Arizona and other places in this circuit, that issue may not be raised on direct appeal. That's correct, Your Honor. You have to commence a post-conviction review proceeding in which you make that claim. That's right. What if, if you are ineffectively represented at that post-conviction review proceeding, which is the equivalent of a direct appeal for purposes of this issue, is there an Oregon remedy for that ineffective assistance of counsel? May you begin a second post-conviction review proceeding in which you claim that your post-conviction counsel was ineffective? No, the current case law in Oregon and has for a long time said you do not get to raise a claim of inadequate, you don't get to raise in post-conviction a claim of inadequate assistance of CR counsel. Post-conviction counsel. Okay, so if you have such a claim, where else can you raise it but federal court? Well I think that's what Martinez addresses, is if a claim is No, no, Martinez addresses the, Martinez addresses the ability to get past a procedural bar when somebody fails to raise a claim at all, and that's Martinez. But what about a case where your post-conviction counsel raises the claim but does a terrible job? You tell me Oregon provides no remedy under those circumstances. That surprises me. But assuming, since your co-counsel agrees, I'll take it as true. Why then, if Oregon provides no remedy at all and has never determined this issue, whether post-conviction counsel was, was ineffective, why doesn't, why doesn't the defendant get to raise this issue for the first time in federal court and put on his evidence? There's no state decision to defer to. Well I think he would if Martinez applied. Well I'm not talking about Martinez applying. This is a separate claim. He has a claim that you will not hear in state court that he's got an ineffective post-conviction counsel. I believe, and Justice Kennedy suggested in Martinez, that because that's the equivalent of direct appeal, you're entitled under the Constitution to effective counsel at that stage. Your state has decided to give no remedy to somebody who has ineffective counsel at that stage, but there may well be a Sixth Amendment violation. Where else is the defendant supposed to raise his claim but federal court? I don't think anywhere, Your Honor. Nowhere. So you're, you can give him the world's worst counsel on post-conviction review. Tell him, let me run through this. You can tell him that he can't raise the issue of ineffective assistance of counsel at trial on his direct appeal. He can only raise it on his post-conviction review proceeding. You're then saying no matter how bad a lawyer he has at that post-conviction review proceeding, as long as that lawyer raises the issue, he can't go to federal court and raise it independently. No, I'm not saying that he can't go to federal court. Now, let me say that he's not, that's not the issue he's raising in this case. He's not filing a federal petition claiming ineffective assistance of counsel at PCR. He's trying to, to go back to the trial. But I'm, I can't, so your position is there's no remedy for this at all? No, well, and I could be completely misunderstanding Judge Martinez, and I don't want to get bogged down in it because they're, because I think... Right. I want you, I want, I want the State's answer to what someone does when he gets terrible counsel at PCR, but counsel actually raises the issue of ineffective assistance of counsel at trial, so there is no, so there is a procedural bar. That Your Honor, I think is what, I mean, the question really becomes down to does Martinez create a cause and prejudice exception for him to go through and raise in federal court? And that's what, and that's sort of the... No, it's a claim that's never been raised in state court. That's my difficulty. Martinez, Martinez's cause and prejudice excuses you from a procedural bar. Well, before my learned colleague goes on with this, I want to, I want to ask your view of how this all fits in with Penn Holster. Penn Holster made very clear, I believe, that if a matter had not been raised in state court, you're not entitled to a hearing in federal court to litigate that issue. Isn't that correct? If it was raised in state court. No, I'm saying if, if, if there is an item, evidence, that was never raised in state court, you cannot raise it for the first time in federal court. Isn't that correct? That's correct. Okay. Is there anything in Martinez that says anything to the contrary? No. I'm not talking about litigation. I'm talking about what you can raise. Martinez deals with situations where the claim was never raised at all, not where the claim was raised and litigated and decided on the merits. And under Martinez, I'm sorry, finish your answer. But under Martinez, if the claim was never raised at all, you can raise it and put in evidence for the first time in federal court, correct? Yes, if you, if it constitutes a substantial claim. Yes. But that's where the, that's where the facts have existed and been presented, but just not raised in the sense of a claim, right? Is that what Martinez says? Martinez deals with the situation where the claim where there's a brand new claim that was never raised in state post conviction court. Our position in this case is we don't have that here. We have a claim that was raised, was litigated. It was decided on the merits. And Martinez recognizes the possibility of, of counsel being there, but being ineffective at least so far as a procedural default. I mean, at one point Martinez says, I was just reading it. Well, here we go. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors or the absence of an attorney caused a procedural fault in an initial review collateral proceeding. So it's not just no lawyer at all, at least for the procedural default hurdle to be overcome and ineffective counsel can be the basis for that. But I think what you're, you're also trying to point out to us, and this is where I've been struggling. Martinez seems to open the door to an IAC claim based on this first collateral proceeding, but it's very careful in its own language to limit it to the procedural default context and doesn't the procedure and, and where the default occurs in the state post-conviction trial court, not where it occurs by the appellate attorney's failure to raise it, which is what we have here is no procedural default here in your view, because the claim was raised. It was, there was a, there was a procedural default, but it didn't happen until the appellate level when the post-conviction appellate lawyer failed to raise the same, but in this case, the post-conviction appellate lawyer did raise an effective assistance of counsel at trial, didn't he? The post-conviction trial attorney? Yeah, you're right. You're right. I'm sorry. We're dealing, you're right. We're dealing with separate procedural default. Yes. But at that level, Martin, at that level, there's no sixth amendment right to counsel. That's what the most Martinez says is that there may be a sixth amendment right to effective counsel in your first post-conviction review proceeding at the trial, right on the appeal. And I don't want to split hairs. I'm not sure that the court said that you have the constitutional right to counsel there, but they, they sort of avoided that. And the court said you get cause and prejudice. I don't think anybody, I don't think anybody argues that you're entitled, they were entitled to effective counsel on the appeal of the post-conviction trial. Um, that's correct. That's correct. Your honor. So, so that's not a procedural. If that's the procedural default at issue, it's not one that Martinez excuses. That's right. That's the state's position. Martinez would excuse a procedural default at the initial post-conviction. Right. If the claim wasn't raised at all and the state's position in this case though, I gather is that even if you view Martinez as being satisfied in the sense there's no procedural default, this isn't a substantive or substantial claim and therefore it loses. Is that your right? Exactly. Your honor. And the most, the easiest, most direct reason why that is, is because his claim depends on the contention that counsel didn't present any evidence to show where he lived, that he still considered this his home. And there was ample evidence of that. He, uh, opposing counsel mentioned Mike Cozine, who incidentally was one of the people who petitioner was claiming in post-conviction should have been called. He did testify. Uh, he testified that petitioner had moved out for a couple of days. Implicit in that is a temporary implicit in the notion of moving out for a couple of days is this notion of temporary temporarily moving out. Other witnesses testified to the same thing. And most importantly, perhaps most importantly, this, the prosecution never disputed that. Everybody assumed, uh, the, the state's attorney assumed and did not dispute his contention that he still considered this. What's our measure of substantiality? I mean, it doesn't, it certainly doesn't seem to me like it was likely to change the result. Is that our measure or is it non non frivolousness or what? Your recently addressed in a case called Claiborne where there seems to be a little bit of, of slop over or, or the issues overlap because the petitioner must show first that his post-conviction trial counsel was inadequate, right? Which gets to the standard. And then in addition to that, it must be a substantial claim. I don't think that this court has to really draw that. I guess I was asking, is it, is it equal to the prejudice prong of, of Strickland? In other words, would he have to show that, that the result probably would have been different or likely would have been different had counsel done this? I see that my time is up. I'm assuming it's okay to answer the question. Yeah, I think that's correct. And I think that's what the, this court's decision in Claiborne addresses is that it, it, it, the, uh, Martinez doesn't apply unless the court is convinced that counsel's failure to raise a claim post-conviction counsel's failure to raise a claim would have had an effect on the outcome of the post-conviction trial. And in addition to that, it needs, it, it also has to be substantial. I wanted to clarify one point, um, that opposing counsel, I'm not sure, um, if he misspoke, but I just wanted to clarify, uh, the evidence did not show in, in the record that petitioner moved out and somebody else moved in. This, that wasn't presented as evidence as though this new person, this new man was the person who just lived there now. He was staying there with, with the, with the petitioner's wife. That's true, but there was no evidence that this was some sort of permanent arrangement, um, much less the petitioner understood that to be a permanent arrangement. The other, the last thing on this, on this, um, substantial claim point that I think, that I think I need to mention is that, um, the testimony about where petitioner lived and that he'd moved out for a couple of days and that he still considered this his house also came in through both of the state's experts, um, that petitioner had made those statements to them. And both of the experts had testified that that was, um, that he considered this to be his house. And that was, and that was the reason why he acted the way he did. So unless the court has any other questions, I think the other issues are adequately addressed in the briefs. Thank you. Thank you. We'll still give you a minute for rebuttal. As we put you to your faces, we give you a chance to tell us what you'd like to tell us. Thank you. On that last point about what the evidence was and why these witnesses could have made a difference, which is potentially why this is a substantial claim. The, what the experts testified to, all of that is derived from Mr. Jones and it only goes as far as what the jury gives his credibility. The fact that there were, he named in his post conviction declaration, 21 different witnesses. Now I know there shouldn't have been that many, but they could have talked about the history really disputed. I mean, and the state argues that the prosecutor didn't contest it. And then the circumstances when you've got particularly in the history, when somebody moves out within the first few days, I don't think there's a common understanding in society. That's a permanent severing of the relationship such that he would have no interest in what's going on back with his wife back at what was either is or recently was his home. I just don't see how that's all that important in the context, particularly when he comes back after his friends tried to talk him out of doing it. He parks a block away, he comes back with a firearm. Is he really surprised by what he sees? Is that really an EED defense? Well, that's what the jury decided against him with, I believe in effective assistance of counsel. But I think the critical point about what could have been different there is other witnesses who we don't know what they had to say because the factual record has never been developed would have presumably had good knowledge. And if you look at the names of the 18 pairs of 21 people listed, couples that knew him, knew them for a long time, they could have spoken to the relationship, the pattern and given a jury information from outside of the source of Mr. Jones directly or indirectly through the information or would have related to his who owned the house and whether or not he moved out permanently. It was about the pattern of them. Right. Yes. I mean, it was more subtle than just who owned the house. But I guess I go back to Judge Clifton's question. He takes a gun and goes to the house, I guess, expecting to find somebody there. Does it really make a difference whether he's moved out for two days or permanently or whether his his wife owns it or not? I mean, I'm I'm having trouble putting myself in the position of a trier of fact, thinking why that would make much difference to me on the defense. It's finding your wife with another man. That's the that's the critical issue, isn't it? Well, I mean, that is, of course, a piece of what happens also. Ultimately, that is a jury question. And the issue is that the jury, you know, did he get a fair shot at that jury in that? That's what I'm asking. Didn't he get a fair shot because he got to tell him that story? And I guess you disagree. And just to conclude on the substantial claim question, Martinez is very clear that for that second level ineffective assistance of counsel at the initial collateral review proceeding, that substantial claim equates to, quote, some merit. And it cites Miller versus Cockerell for that proposition. But our court's decision in Claymore and trying to piece together Martinez and Dietrich decides that, yeah, on one side, that's true. But on the other side, you've still got the Strickland problem to deal with. So well, and this is you've got to pass to the Strickland thing. And that's where the evidence that wasn't developed has critical bearing. And we don't have that evidence that needs to be developed in the district court. We thank both counsel for your helpful arguments in this challenging case. The case just argued is submitted.
judges: Clifton, Smith, Hurwitz